UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**ROBERT MOTHERSELL,**

                            **Plaintiff,**

                **-V-**                                          5:08-CV-615  (NAM/GJD)

**CITY OF SYRACUSE, MATHEW J. DRISCOLL,
GARY MIGUEL, CAPT. LAUN, LT. GLAVIN,
SGT. HARTNETT, SGT STAUB, DET. IZZO,
DET MACDERMENT, DET ARMSTRONG, and
DET. JONES,**

                            **Defendants.**

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

Robert Mothersell
06-B-2939
Bare Hill Correctional Facility
181 Brand Road
Malone, New York 12953
Plaintiff *pro se*

City of Syracuse Corporation Counsel
Mary Anne Doherty, Esq.
233 East Washington Street
Room 301, City Hall
Syracuse, New York 13202
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      In this *pro se* action defendants move (Dkt. No. 8) to dismiss the complaint on the ground of failure to state a cause of action. Fed. R. Civ. P. 12(b)(6). For reasons set forth below, the motion is granted in part and denied in part.

### THE COMPLAINT

In his complaint (Dkt. No. 1) plaintiff alleges the following. During February 2006, defendant Det. Izzo conducted an investigation into criminal activity taking place at a residence at 114 Isabella Street in the City of Syracuse ("City"). On February 23, 2006, Syracuse City Court Judge Dougherty issued a "No Knock – All Persons Present" search warrant for the location. On the same day at around 5:26 p.m. the City Police Department and the Emergency Response Team executed the warrant. The ground for the warrant was the illegal sales of narcotics by the tenant, Thomas Rushlow, to an unknown informant at the residence.

According to the complaint, plaintiff was not named in any investigation reports for any criminal activity at 114 Isabella Street. When the warrant was executed, plaintiff was at the location visiting Rushlow. At 5:25 p.m., plaintiff heard what he thought was a gunshot coming from the porch. Plaintiff, "being scared for his life, and not having any knowledge of what was taking place, ran to his friend's bedroom to lie in his bed and pretended to be asleep."

Plaintiff claims that defendant Det. MacDerment grabbed plaintiff from the bed by his shirt and threw him to the floor on his stomach, knocking the wind out of him. Det. MacDerment then placed his knee on plaintiff's neck, causing pain, and ordered plaintiff to place his hands behind his back. Det. MacDerment placed plastic restraints on plaintiff's wrists that were so tight they blocked circulation to his hands and caused numbness and pain.

Plaintiff further alleges in the complaint that defendants Det. Armstrong and Det. Jones then forced plaintiff to his feet by lifting upward on the plastic restraint, hyper-extending plaintiff's shoulders and causing severe pain to his shoulders and joints[.]" They then ordered plaintiff into the bedroom and, leaving the door open for everyone in the vicinity to view, ordered him to remove his clothing, lift his scrotum, and spread his buttocks. Det. Jones grabbed plaintiff's arms while he was bent over, placing plaintiff in a locked position and causing severe

pain to his right shoulder and joint. While plaintiff was in this position, Det. Armstrong grabbed a plastic coat hanger and inserted it in plaintiff's anus, causing pain. They then allowed plaintiff to stand upright, ordered him to get dressed, and escorted him into the back of a "paddywagon." At no time did defendants Det. MacDerment, Det. Armstrong, Det. Jones, or Det. Izzo offer plaintiff medical attention for his injuries.

The complaint claims that defendants Det. Izzo, Capt. Laun, Lt. Glavin, Sgt. Hartnett, and Sgt. Staub, as supervising officers failed to review the search warrant with defendant officers to determine what type of search would be conducted of people found in the residence. They further failed to explain to defendant officers that under no circumstances were strip searches to be conducted at the location, and failed to enforce the policies governing strip searches and body cavity searches as outlined in the Syracuse Police Operations Manual ("Manual").

Plaintiff alleges that defendant Chief of Police Gary Miguel failed to modify the policies in the Manual to conform to constitutional and statutory requirements and thus condoned the excessive force, sexual assault, and police misconduct alleged in the complaint. He also failed to provide adequate training to defendant officers.

Plaintiff claims that defendant Matthew Driscoll failed to review the police department policies to ensure that they were not contrary to the citizens' constitutional rights. The City implemented unconstitutional policies and tolerated a pattern of use of unreasonable force.

The complaint sets forth the following causes of action:

1. Violation of plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, by subjecting him to excessive force and sexual assault, as against Det. MacDerment, Det. Armstrong, Det. Jones, and Det. Izzo;
2. Punitive damages for the conduct alleged in the first cause of action;
3. Violation of plaintiff's statutory civil rights by intentionally subjecting plaintiff to excessive force and sexual assault, as against Det. MacDerment, Det. Armstrong, Det. Jones, and Det. Izzo;

4.  Policy and practice permitting the use of excessive force and sexual assault and the denial of medical treatment, in violation of plaintiff's constitutional rights, as against the City, Matthew Driscoll, Gary Miguel, Capt. Laun, Lt. Glavin, Sgt. Hartnett, and Sgt. Staub, as supervising officers;
5.  Conspiracy by Det. MacDerment, Det. Armstrong, Det. Jones, and Det. Izzo to violate plaintiff's civil rights (42 U.S.C. § 1983);
6.  Assault and battery as against Det. MacDerment, Det. Armstrong, Det. Jones, and Det. Izzo;
7.  Punitive damages for the conduct alleged in the sixth cause of action;
8.  Intentional infliction of emotional distress as against Det. MacDerment, Det. Armstrong, Det. Jones, and Det. Izzo;
9.  Punitive damages for the conduct alleged in the eighth cause of action;
10. *Respondeat superior* liability against the City for the conduct alleged in the eighth cause of action;
11. Punitive damages for the conduct alleged in the tenth cause of action;
12. Negligence by Det. MacDerment, Det. Armstrong, Det. Jones, and Det. Izzo, causing plaintiff permanent injury;
13. Punitive damages for the conduct alleged in the twelfth cause of action;
14. *Respondeat superior* liability against the City for the conduct alleged in the twelfth cause of action;
15. Punitive damages for the conduct alleged in the fourteenth cause of action;
16. Punitive damages against the City for its failure to provide adequate training and supervision to its police officers;
17. Malicious abuse of process, false arrest, and false imprisonment as against Det. MacDerment, Det. Armstrong, Det. Jones, and Det. Izzo, for using the criminal process against plaintiff in order to dissuade plaintiff from asserting his rights against them and in order to cover up their own wrongdoing; and
18. Denial of medical treatment as against Det. MacDerment, Det. Armstrong, Det. Jones, and Det. Izzo, warranting both compensatory and punitive damages.

## APPLICABLE LAW

Defendants move to dismiss the complaint on the ground that it fails to state a cause of action. Fed. R. Civ. P. 12(b)(6). To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, __ , 127 S.Ct. 1955, 1974 (2007)). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A complaint should be "especially liberally construed when it is

-4-

submitted *pro se* and alleges civil rights violations." *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)). The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Plaintiff asserts a number of causes of action under 42 U.S.C. § 1983 ("section 1983"). Recovery under section 1983 "is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or federal statutory right and, second, that such denial was effected under color of state law." *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985). In *Monell v. Department of Social Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978), the Supreme Court held that a municipality cannot be liable under section 1983 on a *respondeat superior* theory. The *Monell* court held, however, that municipal liability under section 1983 could be based on a finding that the unlawful action was implemented or executed pursuant to a governmental policy or custom. *Id.* at 690-91.

## DISCUSSION

The Court now turns to address the arguments raised by defendants on this motion.

**1.     Whether plaintiff's first, second, third, sixth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, seventeenth, and eighteenth causes of action against Detective Izzo should be dismissed.**

Defendants argue that plaintiff's claims against Det. Izzo should be dismissed because "she never came in contact with plaintiff." Many of plaintiff's claims against her are, however, based on her alleged supervisory authority and failure to intervene. Defendants state that "many of the Detectives present actually outranked her"; however, plaintiff has had no opportunity for discovery regarding her rank or supervisory authority. Defendants are not entitled to dismissal on this ground.

**2.      Whether plaintiff fails to set forth specific facts alleging municipal liability.**

Plaintiff's fourth cause of action alleges a municipal policy and custom permitting the use of excessive force and sexual assault and the denial of medical treatment as against the City, Mayor Matthew Driscoll, Police Chief Gary Miguel, Capt. Laun, Lt. Glavin, Sgt. Hartnett, and Sgt. Staub, as supervising officers.  In *Monell*, the Supreme Court ruled that municipalities could be liable under section 1983 when the alleged unlawful action was implemented or executed pursuant to a governmental policy or custom.  *Monell*, 436 U.S. at 691.  Here, plaintiff alleges that a number of police officers were at the scene and participated in the events of which he complains, and that no officer intervened, thus arguably supporting the inference that such conduct was customary and not considered to be against municipal policy.  In view of all of the circumstances alleged, and particularly in view of plaintiff's *pro se* status, the Court finds that plaintiff has pleaded enough facts to state a *Monell* claim that is plausible on its face.  For the same reason, plaintiff's allegations of failure give the police officers adequate training and supervision, set forth in the sixteenth cause of action, are sufficient to withstand dismissal. Dismissal on this ground is denied.

**3.      Whether defendant officers are entitled to qualified immunity.**

Defendants argue that they are entitled to dismissal on the ground that their actions were protected by qualified immunity.  Government officials performing discretionary functions enjoy a qualified immunity shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.  *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

Accepting for purposes of this motion plaintiff's allegations in his complaint – that is, that these defendants used excessive force, assaulted him, and deprived him of medical care –

defendants could not reasonably have believed their conduct was consistent with plaintiff's rights. Accordingly, defendants are not entitled to qualified immunity at this state of the action.

4. **Whether defendants Matthew J. Driscoll and Police Chief Gary Miguel are entitled to qualified immunity on the section 1983 claims.**

Accepting for purposes of this motion plaintiff's allegations against these defendants in his complaint – including the allegations that they established a policy of permitting the use of excessive force by the City police – defendants could not reasonably have believed their conduct was consistent with plaintiff's rights. Accordingly, defendants are not entitled to qualified immunity at this stage of the action.

5. **Whether the fifth cause of action alleging a conspiracy claim must fail because plaintiff cannot prove a violation of his constitutional rights**.

Defendants contend that plaintiff's conspiracy claim cannot stand because there is no allegation of participation by a private citizen. This is not a required element of a conspiracy claim, however. There is no other basis to dismiss this cause of action at this stage of the action. Dismissal of the fifth cause of action is denied.

6. **Whether all defendants sued in their official capacities are immune from liability for punitive damages.**

Municipalities and municipal employees sued in their official capacities are not liable for punitive damages. *See Ivani Contracting Corp. v. City of N.Y.*, 103 F.3d 257, 262 (2d Cir. 1997). Thus, all claims for punitive damages against the City or any City employee sued in his or her official capacity are dismissed.

7. **Whether defendant City can be held liable for acts of its employees based on the theory of *respondeat superior*.**

As noted above, the Supreme Court established in *Monell* that "a municipality cannot be

held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under section 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.  Thus, causes of action 10, 11, 14, 15, and 16 are dismissed.  There is no need to assist this *pro se* plaintiff by construing these claims to state a cause of action based on a municipal policy or custom under *Monell* – he has set forth such a claim in other causes of action.

8. **Whether the causes of action for false arrest/imprisonment and malicious abuse of process should be dismissed because the defendants had probable cause to arrest plaintiff.**

Defendants argue that there was probable cause to arrest plaintiff as a matter of law. Plaintiff's allegations, however, are sufficient to withstand dismissal on this ground at this stage of the action.  Accordingly, dismissal of these causes of action is denied.

## CONCLUSION

It is therefore

**ORDERED** that defendants' motion (Dkt. No. 8) to dismiss the complaint is granted to the extent that causes of action 10, 11, 14, 15, and 16 are dismissed, and all claims for punitive damages against the City of Syracuse or any City employee sued in his or her official capacity, are dismissed.  The motion is otherwise denied.

**IT IS SO ORDERED**.

March 30, 2009
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge